UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALAN RODRIGUES,

Defendant.

Case No. 2:14-cr-399-KJD-EJY
Related Case 2:19-cv-1391-KJD

**ORDER**

Before the Court is the parties' Joint Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 459, 461).

I. **Background**

Alan Rodrigues is currently serving concurrent sentences for his role in tax and wire fraud conspiracies. Rodrigues was first indicted in his tax fraud case in January of 2009. See Indictment, United States v. Rodrigues, 2:09-cr-0022-MMD, ECF No. 1. That case was assigned to Judge Du, who presided over Rodrigues's trial. While that case prepared for trial, the government indicted Rodrigues on wire fraud charges. See ECF No. 1. That case was assigned to this Court. On March 11, 2015, Judge Du sentenced Rodrigues to 72 months' imprisonment, and Rodrigues was remanded into custody. Over the next three years, the parties stipulated to multiple continuances in this case. During that time, both Rodrigues and the government assumed that the Bureau of Prisons would credit those delays to Rodrigues's sentence. Ultimately, Rodrigues pleaded guilty, and the parties stipulated to a 120-month sentence to run concurrently with Rodrigues's tax fraud case. The Court accepted the stipulation and sentenced Rodrigues to 120 months.

Both the government and Rodrigues assumed that Rodrigues's 120-month gross sentence would yield a 78-month net sentence given the time he had already served before pleading guilty.

However, the Bureau of Prisons could not credit Rodrigues with the time he served under Judge Du's sentence because it can only give credit for time served if that time has not been credited toward another sentence. See 18 U.S.C. § 3585(B). Because the Bureau of Prisons credited Rodrigues's time served to the sentence handed down by Judge Du, it could not credit that time to Rodrigues's sentence here. As a result, the 120-month total term of incarceration that the parties intended ballooned into 162-month total sentence. The parties filed this motion to correct their mistake. They ask the Court to vacate Rodrigues's sentence and impose a 78-month sentence, which would be consistent with their shared objective at sentencing.

## II.     Analysis

The Court has authority under 28 U.S.C. § 2255 to vacate or correct a defendant's sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court lacked jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). One such collateral attack arises when a defendant's sentence was based on incorrect information. Indeed, the due process clause ensures that a criminal defendant has the right to be sentenced on the basis of accurate information. United States v. Tucker, 404 U.S. 443, 447 (1948). The government has a duty to ensure that that the Court "has complete and accurate information, enabling the Court to impose an appropriate sentence." United States v. Maldonado, 215 F.3d 1046, 1052 (9th Cir. 2000).

To correct the sentence, however, the parties must show that the sentencing information was incorrect *and* that the Court relied upon that information in fashioning Rodrigues's sentence. See Jones v. United States, 783 F.2d 1477, 1481 (9th Cir. 1986). Here, the parties agree that they misunderstood the Bureau of Prison's ability to credit Rodrigues's time served in his other case. Had the parties recognized that issue sooner, they "would have asked the court to adjust the agreed-upon 120-month sentence downward by 42 months, to 78 months' imprisonment, to reflect that time and achieve the desired result—*i.e.,* a total period of incarceration of 120 months." Joint Mot. to Vacate 4, ECF No. 461.

The question then is whether the Court relied upon that information when it imposed a

120-month sentence. The Court finds that it did. The parties agree that their goal at the change of plea and sentencing stages was to impose 120-months total incarceration. The Court was inclined to follow their stipulation. Transcript 7, ECF No. 456. The Court agreed that a total sentence of 120 months would "accomplish the purposes and policies of . . . the sentencing guidelines [considering] the seriousness of the crime." Id. In addition, the Court affirmed its intent to have its sentence run concurrently to the sentence previously imposed by Judge Du. In fact, the probation officer asked the Court if it intended to impose this sentence concurrently with Judge Du's. The Court answered that it was accepting the plea agreement, which "state[d] that [the sentence would] run concurrent . . . to *U.S. versus Rodrigues*, 2:09-cr-22-MMD-GWF." Id. at 13. Therefore, the Court finds that the parties misunderstood that the Bureau of Prisons would credit Rodrigues for his time served and that the Court relied upon that misunderstanding when it imposed Rodrigues's sentence.

### III. Conclusion

Accordingly, the Court **GRANTS** the Joint Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 549, 461). The Court **VACATES** Rodrigues's 120-month custodial sentence and **CORRECTS** the sentence to 78 months, leaving all remaining terms and conditions unchanged.

Dated this 17th day of October, 2019.

_____
Kent J. Dawson
United States District Judge